STATE OF VERMONT

ENVIRONMENTAL COURT

<table>
<tr><td>In re: Appeal of Thomas</td><td>}</td><td></td></tr>
<tr><td></td><td>}</td><td></td></tr>
<tr><td>Baribault</td><td>}</td><td>Docket No. 123-6-00 Vtec</td></tr>
<tr><td></td><td>}</td><td></td></tr>
<tr><td></td><td>}</td><td></td></tr>
</table>

Decision and Order

Appellant Thomas J. Baribault appealed from a decision of the Development Review Board (DRB) of the Town of Jericho approving Appellee-Applicants' five-lot subdivision for a Planned Residential Development.

Appellant appeared and represented himself; Appellee-Applicants Justin Willis, Barbara Willis, Mark Willis and Judy Willis are represented by Vincent A. Paradis, Esq.; the Town of Jericho is represented by Gregg H. Wilson, Esq. Many of the issues in this matter were resolved by summary judgment, leaving Questions 3, 4, 8 and 10, and part of Question 7 of Appellant's Statement of Questions for trial. At trial, the remainder of Question 7, relating to the suitability of soils to support on-site disposal systems on lots 4 and 5, was dismissed by stipulation.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicants own an 18.9-acre parcel of land in the Rural Residential zoning district of the Town of Jericho. The property has 554 feet of frontage on Browns Trace Road on its easterly boundary, and approximately 125 feet of frontage on Kettle Creek Road, close to that road's intersection with Browns Trace Road at an acute angle along the southerly boundary of the property. The stream known as Kettle Creek crosses the westernmost portion of the property, which will be retained as an open space parcel.

Appellee-Applicants propose to subdivide the property into five lots along a private access road meeting Browns Trace Road close to the northerly end of the property's Browns Trace Road frontage. Lots 2, 3 and 4 have access to the access road; Lot 5 has a driveway extending westwards from Lot 4; Lot 1 has its own driveway onto Browns Trace Road.

Questions 3 & 4- Feasibility of using Kettle Creek Road rather than a new curb cut

Appellee-Applicants have received a curb cut permit (access permit) for an access road onto Browns Trace Road near the northerly boundary of the frontage of the property. That curb cut is to be constructed to the state A-76 construction standard[1], and that permit is not at issue in this appeal. The conditions required in that permit must be met by the proposed access road.

Appellee-Applicants' property slopes generally downwards from an elevation of 730 feet above sea level at Browns Trace Road. It adjoins Kettle Creek Road only for the first approximately 120 feet of Kettle Creek Road. From that point westwards, Appellee-Applicants' property adjoins lots in an adjacent subdivision[2]. Where it adjoins Kettle Creek Road, Appellee-Applicants' property slopes downward about 25 feet in elevation, creating a slope of 8% to 10% in the first 100 feet of the roadway, which would exceed the maximum 3% slope recommended at an intersection, especially in a climate that experiences freezing conditions. Because of the curve of Kettle Creek Road as it approaches Browns Creek Road, any access road from Appellee-Applicants' property onto Kettle Creek Road would be unable to intersect Kettle Creek Road at the recommended 90° angle. In addition, any such new access road would be closer to the existing intersection of Kettle Creek Road with Browns Trace Road than the 200 feet acceptable under present public works standards. While it might be preferable to have the traffic from this subdivision travel on a minor road to Browns Creek Road, if an access road were proposed for the project onto its present frontage with Kettle Creek Road, it would not be approvable.

Accordingly, if the sight distances and geometry of the proposed access road at Browns Trace Road meets the standards required by the public works standards, that access would be preferable to an access road onto Kettle Creek Road. The proposed access road is designed to have a level grade at and near the intersection, a 90° angle at the intersection, and otherwise to meet the design of the public works specifications. The sight distance required on Browns Creek Road is 385 feet; the sight distance available[3] at the proposed access road intersection exceeds that amount in both directions. Therefore, the access road as proposed by Appellee-Applicants qualifies for approval.

Based on the comparison of the two possible access roads, the policy in the Subdivision Regulations to minimize new curb cuts where reasonable and possible does not require an access road onto Kettle Creek Road, as such an access would not be reasonable, and while it may be marginally possible, it is not preferable.

Question 8 - Storm water run-off

Very little impermeable area is added to this property by the access road, driveway, and roof areas of this proposed project. The site as a whole slopes generally towards the west, towards Kettle Creek, which is at an elevation of approximately 605 feet above sea level. The house sites are designed at elevations sufficiently higher than the surrounding ground to allow water to drain away from the house sites but not to drain onto neighboring property[4]. Rather, the drainage will be conducted generally towards the west along the access road. A culvert to be installed under the access road on Lot 5 will conduct stormwater towards an old gravel pit on Lot 5, and beyond it onto the open space lot and towards Kettle Creek. The lowest elevation house site in the development is Lot 5, at an elevation of approximately 655 feet. The lowest neighboring house shown adjacent to the development is at an elevation of 685 feet.

No erosion is anticipated to occur as a result of the construction of this subdivision. Except during spring thaw conditions when the ground is frozen, the soils in the area are sufficiently permeable to absorb the normal stormwater runoff to be expected in this development, without

affecting neighboring properties. The videotaped evidence of the flooding of the lands near Kettle Creek was instructive of conditions in the Kettle Creek area in an unusual spring thaw, but did not demonstrate that any additional runoff caused by this project would exacerbate that problem in any future spring thaw condition.

Question 8 - Neighboring well recharge

Most wells in the area yield from four to six gallons per minute, more than the minimum of a half-gallon per minute for a single-family residence. The hydrogeologic evidence showed that the recharge area for the development is approximately forty acres and for the neighborhood is approximately 250 acres. The evidence showed that the hydrogeology of the area is such that the five wells proposed for this subdivision will not have an adverse effect on the ability of neighboring wells to recharge, nor will the expected alteration in the surface flow of water across Appellee-Applicants' property affect the ability of neighboring wells to recharge. That is, if wells in the area, such as Appellant's own well, experience lag times in recharging during ' dry spells' , the wells proposed for this subdivision are sufficiently distant so that no additional difficulty should be experienced after this subdivision is built.

Question 10 - Fire-fighting capability

The proposed access road will have a fifty-foot right-of-way with an 18-foot wide gravel surface, which is adequate to provide access for firefighting equipment to any of the three lots served by the access road, and to the fourth lot served by a driveway from the access road. The houses are far enough apart to avoid the propagation of fire from one house to another.

The subdivision regulations require only that the layout of the subdivision be " reviewed by the Fire Chief or his designee for comment" as to the adequacy of fire protection. The Fire Chief and another experienced firefighter testified that the subdivision' s design is adequate with regard to fire protection. The Town' s fire department, with the aid of equipment from the towns of Richmond and Essex under their mutual aid agreement, has sufficient tanker truck capacity to supply water for firefighting. Public water supply is available five minutes from the site if necessary to refill tanker equipment, and the equipment has sufficient hose length to draw from Kettle Creek if necessary. The evidence did not demonstrate any need for a pond to be established on this property to provide a water supply for the purpose of fighting fires.

Question 10 - Pedestrian easement

No evidence was presented of any need for or potential location of a pedestrian easement along the Browns Trace Road frontage of this property, which is less than 600 feet in length. Section III(2)(11) of the Subdivision Regulations only provides for pedestrian easements through blocks 600 feet or more in length, or as a continuation of cul-de-sacs, or in conjunction with utility easements.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the subdivision approval as granted by the Jericho Development Review Board is hereby approved, under the same terms

and conditions as granted by the DRB. No additional conditions are required for the proposed project to conform with the requirements of the Town' s subdivision regulations.

Dated at Barre, Vermont, this 4th day of October, 2001.


_____
Merideth Wright
Environmental Judge


## Footnotes

1.    This specification is stated on the subdivision plan submitted with this application, regardless of whether it is stated on the curb cut permit as well.

2.    Appellant argues that Appellee-Applicants should acquire a portion of Lot 2 of the adjoining subdivision, which would increase the feasibility of a Kettle Creek Road access for Appellee-Applicants' subdivision. It is beyond the scope of the court's jurisdiction to require an applicant to acquire additional land. All the Court can do is to approve or disapprove the applications that come before it.

3.    Some vegetation within the Browns Trace Road right-of-way on adjoining property may need to be cut back to keep this sight distance clear.

4.    This development may not increase the drainage of water onto neighboring property, but it is not obligated to decrease the drainage that may already exist. Any such dispute between neighboring landowners would be a private matter in superior court, and not within the jurisdiction of this court.